Muchow v. Reid.

---

HERMAN MUCHOW ET AL. v. MARY REID ET AL.

FILED FEBRUARY 9, 1899.    No. 8715.

1. **Witnesses: CREDIBILITY: REVIEW.** The credibility of witnesses and the weight to be accorded to their testimony are matters for consideration and determination by the triers of facts, and not for the court of review.

2. **Action for Damages Resulting from Sale of Intoxicating Liquors: VERDICT FOR PLAINTIFFS.** Evidence *held* sufficient to sustain the findings and verdict of the jury.

3. **Misconduct of Counsel: RECORD: REVIEW.** Averments in a motion for a new trial of misconduct of counsel in argument to a jury will not present such matter for review, in the absence of any other appearance of record of the occurrences upon which the averments are based, or of which they purport to be statements.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Affirmed.*

*E. S. Abbott* and *M. H. Fleming,* for plaintiffs in error.

*Hastings & Sands, Samuel Rinaker,* and *R. S. Bibb,* contra.

Muchow v. Reid.

HARRISON, C. J.

This action was instituted by Mary Reid, widow of George Reid, deceased, in her own behalf and as next friend for the other defendants in error, minors and her children, and of whom the deceased was the father, to recover the damages which it was alleged they suffered by reason of the death of the husband and father by accident, and of which a moving or contributory cause was his intoxicated condition, which condition was contributed to by intoxicating liquors sold or furnished by one of the plaintiffs in error, then a licensed saloon-keeper. The other plaintiffs in error were sureties on the bond of the saloon-keeper. Another saloon-keeper and his bondsmen who were joined in the prosecution in the suit declined to join in the proscution of this error proceeding, and were made defendants in error. Issues were joined in the district court, and as the result of a trial the widow and children were given judgment, to reverse which is the object of the presentment of the case in this court.

It is argued that there was not sufficient evidence to support a finding that Herman Muchow, the saloon-keeper, plaintiff in error, either sold or furnished any liquor to George Reid, which caused or contributed to produce his intoxication on the day of the accident to him of which the final result was his death. The argument is in part, at least, if not entirely, based upon the proposition that a portion of the testimony, or that of one witness, must be rejected and should not have been given credence in the trial court. The questions of the credibility of this and all witnesses, and the weight to be accorded any evidence, were for the trial jury, and we cannot now set aside its evident determination of them. If we view the evidence as a whole,—and we cannot do otherwise,—we are forced to the conclusion that there was sufficient thereof to support the finding, necessarily elemental of the verdict returned, that some of the liquor

which produced the intoxication of George Reid on the day to which we have referred was obtained at the plaintiff in error's place of business,—his saloon.

Another contention for plaintiffs in error is founded upon alleged misconduct, during argument to the jury, of counsel for the widow and children. Of this it must suffice to say that there is nothing in the record to show any of the conduct of counsel for any of the parties during the arguments to the jury, or indeed anything that then occurred, except it may be said to be evidenced by a statement in the motion for a new trial to the effect that there were certain matters presented in argument to the jury by the counsel for the widow and children, and also that the objectionable matter stated by counsel in argument to the jury is set forth in affidavits attached to and made a part of the motion for a new trial, and in support of the allegations thereof. There are no such affidavits in the record now before us; hence there is no other or further presentation of the alleged matter of the misconduct than what appears in the body of the motion for a new trial. There is, then, but a mere averment, unsupported by any proof or evidence. This is not sufficient to present the stated error for examination, and the argument must fail.

It is also asserted that there was not sufficient evidence of loss of support. Evidence on this branch of the case was ample and undisputed and was not appreciably weakened or diminished in force by the allegations of the petition and some testimony on the subject, and to the effect that, during a stated time prior to his death, George Reid had been addicted to the excessive or immoderate use of intoxicating liquors. The evidence disclosed that he had supported his family and had earned yearly a specifically stated sum of which his death, of course, caused a cessation. It follows that this portion of the argument is of no avail.

We have examined all the objections of plaintiffs in

error, and conformably to the conclusions reached the judgment of the district court must be

AFFIRMED.